**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5047**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

      v.

DAGOBERTO SANTAMARIA FLORES,

                  Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:05-cr-00211-RLV)

Submitted:  September 8, 2008      Decided:  October 14, 2008

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dagoberto Santamaria Flores appeals from his conviction and 135-month sentence for conspiracy to possess with intent to distribute quantities of cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2008).[1] Flores' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal, but asks this court to review the adequacy of Flores' plea hearing and the reasonableness of his sentence. Flores was given an opportunity to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

Under Fed. R. Crim. P. 11(b)(1), the district court must address the defendant in open court and inform him of the following: the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the Sentencing Guidelines; the court's obligation to impose a special assessment; the defendant's right to an attorney; his right to plead not guilty and be tried by a jury with the assistance of counsel; his right to confront and cross-examine witnesses; his right against self-incrimination; and his right to testify, present evidence, and compel the attendance of witnesses. The defendant

---

[1]The indictment alleged that the conspiracy was responsible for 500 grams or more of a mixture or substance containing cocaine, 500 grams or more of a mixture or substance containing methamphetamine, and a mixture or substance containing marijuana.

also must be told that a guilty plea waives any further trial and that his answers at the proceeding may be used against him in a prosecution for perjury. Under Rule 11(b)(2), the court must address the defendant to determine that the plea is voluntary. The court must determine a factual basis for the plea under Rule 11(b)(3) and require disclosure of any plea agreement under Rule 11(c)(2). Because Flores did not move in the district court to withdraw his guilty plea, any challenges to the Rule 11 hearing are reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002).

Flores contends the magistrate judge erred during the Rule 11 hearing by failing to inform him of the elements of the crime to which he was pleading guilty or to determine that he understood the nature of the charge.[2] The magistrate judge is required to inform the defendant of, and determine that he understands, "the nature of each charge to which [he] is pleading." Fed. R. Crim. P. 11(b)(1)(G). At the Rule 11 hearing, the magistrate judge accurately explained the nature of the single charge to Flores. Following the recitation of the charge, the magistrate judge informed Flores as to the minimum and maximum sentences he faced, "based on these quantities, 500 grams of

---

[2]Flores consented to proceeding before a magistrate judge. See 28 U.S.C. § 636(c)(1) (2000); United States v. Benton, 523 F.3d 424, 431-32 (4th Cir. 2008), petition for cert. filed, __ U.S.L.W. __ (U.S. July 25, 2008) (No. 08-5534).

cocaine and 500 grams of methamphetamine." Flores stated that he understood the charge and the potential sentence he faced. In light of the magistrate judge's explanation and Flores' admission that he understood the charge and possible sentence,[3] there is nothing in the record to support Flores' claim that he believed he was pleading guilty to "the separate individual offenses of a methamphetamine and marijuana conspiracy only." See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Furthermore, while Flores contends he was responsible for a much lower drug amount than that charged in the indictment, the magistrate judge specifically stated that Flores was charged with being part of a conspiracy responsible for at least 500 grams of cocaine and 500 grams of methamphetamine. See Martinez, 277 F.3d at 530. Accordingly, we find the magistrate judge adequately informed Flores of the nature of the charge.

Flores' next claim is that there was not a sufficient factual basis to support his guilty plea. Rule 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." This requirement ensures that the district court "make[s] clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." United

---

[3]As part of the Rule 11 hearing, Flores also signed a document indicating he had discussed the contents of the indictment with his attorney and fully understood the charge against him. Furthermore, at his sentencing hearing, Flores again stated that he understood the charge and the possible penalties.

States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). Rule 11(b)(3) also serves to "protect[] a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." United States v. Mastrapa, 509 F.3d 652, 660 (4th Cir. 2007) (internal citation and quotation marks omitted). In determining whether a factual basis for the plea exists, the district court is not limited to the Rule 11 colloquy, as the court "may conclude that a factual basis exists from anything that appears on the record." DeFusco, 949 F.2d at 120. The district court may also defer its inquiry until the sentencing hearing. Martinez, 277 F.3d at 522 n.4. The district court's determination that there was a sufficient factual basis is reviewed for abuse of discretion. Mastrapa, 509 F.3d at 660.

Flores contends there was not a sufficient factual basis to support his guilty plea because he never admitted being involved in the types and quantities of drugs charged in the indictment. While Flores did equivocate on this matter during the sentencing hearing, the district court may satisfy the factual basis requirement by examining the presentence report ("PSR"). See Martinez, 277 F.3d at 531-32. In this case, the PSR stated that "[a]ll the drugs involved in this conspiracy were reasonably foreseeable by Flores," and that the organization was responsible for at least six kilograms of methamphetamine powder, three

5

kilograms of crystal methamphetamine, sixteen kilograms of cocaine powder and 100 pounds of marijuana. The district court adopted the PSR, which provided sufficient information to support the elements of the charge to which Flores pled guilty. See Martinez, 277 F.3d at 531-32. Despite objecting to the probation officer's findings as to the total amounts of cocaine and methamphetamine for which he was held responsible, Flores provided no specific testimony during the sentencing hearing in regard to cocaine. Additionally, Agent Joseph Barringer's testimony provided a sufficient factual basis for the district court to determine that the methamphetamine amounts provided in the PSR were properly attributable to Flores.[4] Accordingly, we find the district court did not abuse its discretion in determining that a sufficient factual basis existed to support Flores' guilty plea.

Finally, Flores claims that his sentence was unreasonable, as there were a "number of factors presented" that justified a sentence below the Guidelines range. Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage

---

[4]Even if there was an insufficient factual basis for the district court's cocaine finding, its methamphetamine and marijuana findings were more than sufficient to supply a factual basis for Flores' guilty plea to the § 846 conspiracy. Importantly, under the contention Flores presents for plain error review, he admits that he intended, in pleading guilty, to acknowledge responsibility for eight ounces of methamphetamine and fifty-four kilograms of marijuana. See Br. of Appellant 14. This admission alone justifies the acceptance of his guilty plea to the § 846 conspiracy and the sentence imposed.

in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) and determine an appropriate sentence. Gall v. United States, 128 S. Ct. 586, 596 (2007). We review the district court's imposition of a sentence for abuse of discretion. Id. at 597; see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597.

If there are no procedural errors, we then consider the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Pauley, 511 F.3d at 473 (internal quotation marks and citation omitted). While this court may presume a sentence within the Guidelines range to be reasonable, we may not presume a sentence outside the range to be unreasonable. Id. Moreover, we must give deference to the district court's decision

7

that the § 3553(a) factors justify imposing a variant sentence and to its determination regarding the extent of any variance. Id. at 473-74. "Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 128 St. Ct. at 597).

At the sentencing hearing, the district court appropriately treated the Guidelines as advisory, considered the relevant factors under § 3553(a), and sentenced Flores at the bottom of the properly calculated Guidelines range. Flores has failed to demonstrate his sentence is either procedurally or substantively unreasonable, especially in light of the fact that he was sentenced at the bottom of the Guidelines range and there was no argument at his sentencing hearing for a downward variance. Therefore, we find that the sentence imposed by the district court was reasonable and should be affirmed.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Flores' conviction and sentence. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

8

Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

9